**YUN CHAI CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 06–1618–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Robert C. Balfe, United States Attorney, Western District of Arkansas, Deborah J. Groom, Assistant United States Attorney, Fort Smith, AR, for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Chai Chen, a native and citizen of China, seeks review of a March 21, 2006 order of the BIA affirming the October 22, 2004 decision of Immigration Judge ("IJ") Alan A. Vomacka denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yun Chai Chen,* No. A 97 391 096 (BIA March 21, 2006), *aff'g* No. A 97 391 096 (Immig. Ct. N.Y. City October 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing

with this principle, but declining to remand, in spite of deficiencies in an adverse credibility determination, because it could confidently be predicted that the IJ would adhere to the decision were the case remanded).

■ Chen argues in her brief to this Court that she suffered an "atrocious" form of past persecution because she witnessed the continuing persecution of her father as a result of his forced sterilization. The BIA and IJ reasonably determined that Chen failed to meet her burden of proof that she suffered past persecution. In *Jian Wen Wang v. BCIS*, 437 F.3d 276, 277 (2d Cir.2006), this Court declined to expand the category of people automatically eligible for asylum based on forced abortion or sterilization beyond the person subjected to the procedure and his or her spouse. *See also Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (reasoning that because the procreative rights of children are not sufficiently encroached upon when their parents are persecuted under coercive family planning policies, children are not *per se* as eligible for relief under § 601(a) as those directly victimized themselves); *cf. In re S–L–L*, 24 I & N Dec. 1, 2006 WL 3337624 (BIA 2006) (concluding that non-spouse partner's coerced abortion or sterilization may qualify for asylum only if they have been persecuted for "other resistance to a coercive population control program" within the meaning of section 101(a)(42) of the Immigration and Nationality Act).

Chen also argues that she suffered past persecution by being prohibited from practicing her religion, but did not testify that she was in fact prohibited from doing so. Chen stated, "I'm afraid that the policy would be changed in China, so I couldn't have a freedom to have my religious beliefs." As a result, Chen failed to demonstrate that she was mistreated or mishandled in such a manner as to establish that she suffered past persecution on account of her religion.

Applicants for asylum can also succeed on their claims by showing that they have a well-founded fear of persecution. 8 U.S.C. § 1101(a)(42). To establish asylum eligibility based on possible future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

■ The IJ stated that Chen's claim of future persecution based on China's family planning policy was not "ripe." In her brief to this Court, Chen argues that being single and childless does not render her claim speculative because she is "able and ready" to have children, to which the Chinese coercive population control policies are an imposed barrier. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (explaining that petitioner was required to offer credible, specific, and detailed evidence that his well-founded fear is either of forcible sterilization or of some other sort of persecution based on resistance to China's family planning policies). In the absence of substantial support in the record for Chen's assertion that she will be subjected to China's coercive family planning practices, her fear is speculative. *Id.* at 129. The BIA's and IJ's determination that Chen failed to meet her burden of proof that she had a well-founded fear of persecution is supported by substantial evidence.

■ Chen also claims that she has a well-founded fear of persecution based on her Christian religion, and argues that the BIA erred by engaging in factfinding because the BIA found that her claim of future persecution was unsupported by evidence, and that the IJ's only finding in this regard was a single sentence raising policy concerns. At her hearing before

the IJ, Chen admitted that she was not persecuted by the Chinese government on account of her religion. As a result, the only basis of her future persecution claim was that she feared that the policy in China would be changed in this regard. The BIA agreed with the IJ's findings that this was speculative. That finding is plainly supported by substantial evidence in the record. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Because the petitioner was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Chen claims that she established that she will be arrested, detained, and tortured upon her return to China. Chen also argues that the IJ erred as a matter of law in failing to consider any of the background material showing torture in China. Although the background reports, which the IJ did consider, document cases of torture, they do not compel and would not alone support a finding that it is more likely than not that Chen will be tortured upon return to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).